**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION**

Rent-A Center, Inc.                                                                             Civil Action 07-1414

versus                                                                                   Judge Tucker L. Melançon

Danielle Barker                                                          Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is Danielle Barker's Motion For Attorney Fee Award [Rec. Doc. 54] and Rent-A-Center's ("RAC") opposition thereto [Rec. Doc. 58] as well as Barker's Motion For Order Confirming Award And Directing Entry Of Judgment [Rec. Doc. 56] and RAC's opposition thereto [Rec. Doc. 59]. For the reasons that follow, the Court will deny Barker's motions.

*1. Motion For Attorney Fee Award*

Barker asserts that she is entitled to attorney's fees and expenses she incurred in successfully defending RAC's motion to vacate the arbitrator's award in her appeal before the Court. *R. 54.* Barker cites 42 U.S.C. § 2000e-5(k)[1] and LSA-R.S. 23:303[2] as the state

---

[1] 42 U.S.C. § 2000e-5(k) states in pertinent part, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, ... , a reasonable attorney's fee (including expert fees) as part of the costs, ...."

[2] Plaintiff's citation to the State court statute is stated as "La. R.S. 23:___." Based on the record in this proceeding, the Court will construe plaintiff's citation to be La. R.S. 23:303, which provides in pertinent part:

> A. A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs.

1

and federal statutes which provide for an award of attorney's fees and expenses to Barker as the prevailing claimant. RAC argues that Barker's motion for fees is untimely in that: 1) it was filed after the deadline to amend the judgment under Fed. R. Civ. P. 59(e); 2) it was filed after the deadline to file a motion for attorney's fees under Fed. R. Civ. P. 54(d)(2)(B)(I); 3) it was filed after the deadline to file a motion seeking her costs under LR 54.3; and 4) it was filed after the judgment because non-appealable under Fed. R. App. P. 4(a)(1)(A). *R. 58*. The Court agrees that Barker's motion for attorney's fees and expenses is barred because it is untimely.

Federal Rule of Civil Procedure 54(d)(2)(B) requires that a motion seeking attorney's fees "must be filed and served not later than 14 days after entry of judgment". Judgment is defined in Rule 54(a) as "any order from which an appeal lies." Federal appellate jurisdiction requires "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978), *quoting Catlin v. United States*, 324 U.S. 229, 233 (1945). The Advisory Committee Notes to Rule 54(b) indicate that the deadline for filing a motion for attorney's fees is "fourteen days after final judgment.... One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has lapsed." Fed.R.Civ.P. 54 advisory committee's note (1993 amendments).

The record indicates that the Court entered an Order denying RAC's application to vacate the decision of the arbitrator and taxing RAC with the costs of the appeal process on June 11, 2009. *R. 53*. As Barker filed the motion *sub judice* on July 17, 2009, 36 days after Judgment was entered, Barker has failed to meet the requirements under Rule 54(d).

RAC argues in the alternative that plaintiff cannot meet the requirements of Rule

2

59(e) of the Federal Rules of Civil Procedure in order to alter or amend the judgment to include attorney's fees. In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451 (1982) the Court held that post-judgment motions for attorney's fees under the Civil Rights Attorney's Fees Awards Act are not proper Rule 59(e) motions because they raise an issue collateral to a decision on the merits of a case. Even assuming, however, that a motion to alter or amend the judgment applies in this instance, Rule 59(e) requires that such motion be served within ten (10) days after entry of the final judgment. As indicated above, plaintiff's motion for attorney's fees was not served until more than 30 days after the entry of judgment in her favor by this Court. Plaintiff having failed to comply with Rule 59(e), the July 11, 2009 judgment could not be amended to award plaintiff attorney's fees.

Nor is Barker's motion related to costs timely[3]. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for an award of costs "to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Local Rule 54.3 requires that a party in whose favor judgment is rendered shall file with the clerk a notice to have costs taxed within thirty days after receiving notice of entry of judgment and be accompanied with a signed memorandum attesting to the correctness of the items sought to be taxed as costs. LR 54.3. Since Barker has not filed and served an application for costs within 30 days after the entry of Judgment on June 11, 2009, her motion for expenses must be denied.

  *2. Motion For Order Confirming Award and Directing Entry of Judgment*

In her motion for entry of judgment, Barker moves the Court to enter judgment under 9 U.S.C. § 9 of the Federal Arbitration Act, on the award made pursuant to the arbitration at

---

[3] Barker's motion requests an award of attorney's fees and "expenses."

3

issue in this action. Barker's proposed judgment awards her the amounts set forth within the Arbitration Award as well as pre-judgment and post-judgment interest. *R. 56.* RAC contends that Barker filed her motion on July 20, 2009, 39 days after the Court entered Judgment on June 11, 2009. RAC further contends, and the record confirms, that on July 2, 2009, RAC paid the Arbitration Award in its entirety by sending three checks to Barker's counsel via Federal Express. *R. 59, Exh. A.* As a result of the foregoing, RAC maintains that the Court is without jurisdiction to make any substantive change to the Judgment because Barker's Motion was filed 26 days after the deadline to file a motion to amend or alter the Judgment under Fed. R. Civ. P. 59(e) and six days after the Judgment became non-appealable under Federal Rule of Appellate Procedure 4(a)(1)(A).

The Court agrees that Barker's motion to effectively amend the Court's Judgment entered on June 11, 2009 is untimely under Rule 59(e), and that the Court is therefore without jurisdiction to amend it's June 11, 2009 Judgment. *U.S. Leather, Inc. V. H&W Prtshp.,* 60 F.3d 222, 225 (5th Cir. 1995) ("movant's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment"). Even assuming *arguendo* that the Court has jurisdiction to amend its judgment, "intervention by the court to award additional relief [of interest on the amounts awarded by the arbitrator] would be inconsistent with the language and policy of the Federal Arbitration Act." *Glover v. IBP, Inc.*, 334 F.3d 471, 477 (5th Cir. 2003) (citing *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir. 1986).

As plaintiff's motion for attorney's fees and expenses is untimely under Fed. R. Civ. Proc. 54(d) and the Court without jurisdiction to consider plaintiff's motion for the Court to issue an order confirming award and directing entry of judgment because it is untimely under

4

Fed. R. Civ. P. 59(e), it is

ORDERED that Danielle Barker's Motion For Attorney Fee Award for the appeal of this matter [Rec. Doc. 54] is DENIED as untimely;

IT IS FURTHER ORDERED that Danielle Barker's Motion For Order Confirming Award And Directing Entry Of Judgment [Rec. Doc. 56] is DENIED AS MOOT as all sums that Barker was entitled to receive as ordered by the Arbitrator have been paid in full.

Thus done and signed this 30th day of September 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE